UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STACEY KLOIBER,

                    Plaintiff,

        - *against* -                              14 Civ. 1425 (VB)(LMS)

NORTHERN WESTCHESTER HOSPITAL CENTER,        <u>Report and Recommendation</u>

                    Defendant.

TO: THE HONORABLE VINCENT BRICCETTI, U.S.D.J.

        At an in-person status conference on Friday, February 26, 2016, the Court ordered

Plaintiff to appear for her deposition on Friday, April 1, 2016, at 10:00 AM in the deposition

room at the Federal Courthouse located at 300 Quarropas St., White Plains, NY 10601.  Plaintiff

failed to appear, although she did send a note to the Court, which is described fully below.  The

note that Plaintiff faxed to the Court on April 1, 2016, is insufficient to explain or justify her

failure to appear at her deposition.  As a result, the undersigned permitted Defendant to file a

motion for sanctions.  This motion was timely filed, ECF Nos. 73 & 74, and was referred to the

undersigned by Your Honor by an Order of Reference dated April 22, 2016.  ECF No. 75.

        For the reasons discussed below, I conclude that the motion should be granted, and I

respectfully recommend that Your Honor dismiss this case.


                            <u>BACKGROUND</u>

        This case has been a challenge from the beginning.  The history of this case is more fully

detailed in the Court's February 23, 2016, Order ("Feb. 23 Order").  ECF No. 63.  In that Order,

the Court precluded Plaintiff from offering any documentary proof in support of her claims,

except as identified in the Order, and from offering any evidence or argument in support of monetary damages.[1]  Since the Feb. 23 Order was issued, the challenges have continued.

On February 26, 2016, the Court held an in-person status conference, at which both Plaintiff and counsel for Defendant appeared in person.  At this conference, the Court ordered Plaintiff to appear for her deposition on April 1, 2016, a date that Plaintiff stated was agreeable to her, and the Court permitted Plaintiff to submit written interrogatories by April 8, 2016, for the three witnesses identified in Defendant's initial disclosures.  These procedures were described several times in great detail to Plaintiff, and the Court explained the importance of Plaintiff's full participation in these next steps.  The Court explicitly warned Plaintiff that if she did not make herself available for a deposition, then she would be precluded from offering her own testimony at trial.  After selecting a date that was agreeable to both Plaintiff and counsel for Defendant, the Court stated: "Let's make it April 1st.  And I'm ordering it, Ms. Kloiber.  It is by court-order that your deposition is to take place on April 1st, 10:00 AM.  You need to be prepared to be there the entire day."  Recording of Feb. 26, 2016, conference.

In the evening before the deposition, March 31, 2016, Plaintiff called my chambers and stated that she was in the hospital and would be unable to attend the deposition the next day.[2]

---

[1] Plaintiff filed two letters with the Court challenging the Feb. 23 Order.  In a letter addressed to the undersigned that was filed March 8, 2016, Plaintiff requested that the Court "reconsider and/or allow the [P]laintiff to reargue, and to represent the facts to the court and to alternatively appeal."  ECF No. 66.  That application was denied on March 9, 2016.  ECF No. 69.  In a letter addressed to Your Honor that was also filed March 8, 2016, Plaintiff stated that in addition to the letter addressed to the undersigned, she was "simultaneously appealing to the Honorable Judge Vincent Briccetti under Title 28 section 636."  ECF No. 67.  In a memorandum endorsement of that letter, Your Honor denied that application without prejudice, and stated that Plaintiff may file written objections to the Feb. 23 Order if the undersigned denied Plaintiff's first letter application.  ECF No. 68.  Although the undersigned denied that application on March 9, 2016, ECF No. 69, Plaintiff has not subsequently submitted objections to the Feb. 23 Order to Your Honor.
[2] The factual background provided here is also recounted in detail in this Court's Order from May 5, 2016 ("May 5 Order").  ECF No. 79.

Given the history of this case, at my direction my staff informed Plaintiff that in order to be excused from the court-ordered deposition, she would need to submit to the Court a note from a medical professional confirming that she would be unable to be deposed and the reason for this inability. Instead, at 10:17 A.M. on Friday, April 1, 2016, a note from a Dr. Braulio Flores was faxed to my chambers; that note stated that "Mrs. Kloiber is unable to work today and is currently under care." The note did not explain why Plaintiff was unable to work, or for what she was under care. The Court has previously received similar notes from Dr. Flores, leading the undersigned to the conclusion that Ms. Kloiber receives regular care from Dr. Flores. Thus, the proffered excuse that Plaintiff is "under care" apparently reflects an ongoing situation, which has not previously prevented Plaintiff from working, or from appearing in Court. This note was insufficient to explain or justify her failure to appear for her deposition.[3] Therefore, I granted Defendant leave to file a motion for sanctions, and set a briefing schedule: Defendant's motion to be filed by April 18, 2016; Plaintiff's response due May 4, 2016; and Defendant's reply, if any, due by May 13, 2016. Minute Entry, Apr. 1, 2016.

On April 19, 2016, Defendant filed a Motion for Sanctions and an accompanying Declaration with exhibits.[4] ECF Nos. 73 & 74. In a letter dated May 1, 2016, and received by the Court on May 3, 2016, Plaintiff wrote to the undersigned to request a 20-day extension of the

_____

[3] The Court also received a faxed letter dated April 2, 2016, purportedly from Sophia Anastasio, a Client Services Representative in the Health Information Management Department at New York Presbyterian/Lawrence Hospital Center. This letter states that Ms. Kloiber "was a patient" at the Hospital Center on "3/31/16, 4/1/16, and 4/2/16." Apr. 4, 2016, ECF No. 71. For the same reasons that the faxed note from Dr. Flores was insufficient, this letter fails to explain Plaintiff's absence from her deposition with the necessary specificity. It also does not purport to establish that Plaintiff was actually admitted to the hospital on any of the identified dates. These two faxed notes are discussed in greater detail in the May 5 Order, at ECF No. 79.

[4] Defendant attempted to file the Motion on the 18th, but it was filed incorrectly. ECF No. 72. Defendant subsequently refiled the Motion and supporting documentation the following day, April 19, 2016, ECF Nos. 73 & 74, and due to Defendant's good faith efforts, the Court will deem this Motion to be timely filed.

deadline for her opposition to the motion and to reschedule the deposition. ECF No. 76. By letter dated May 4, 2016, Defendant opposed Plaintiff's request. ECF No. 77. Plaintiff filed another letter with the Court, dated and received May 4, 2016, in which she requested that the Court "dismiss the requests for all sanctions," or in the alternative, grant an extension for her to respond to the motion. ECF No. 78. In the May 5 Order, this Court granted Plaintiff one additional week to file her opposition to the pending sanctions motion, and granted Defendant a corresponding extension to file a reply. ECF No. 79. In a letter dated and received May 11, 2016, Plaintiff asserted that she had not received correspondence regarding her extension requests, and reiterated that she was unable to attend her April 1 deposition due to a medical issue; in support of this assertion, she attached another letter, purportedly from Dr. Braulio Flores, which states that "due to [Plaintiff's] medical diagnosis[,] she was unable to work and attend obligations on 3/31/16, 4/1/16 and 4/2/16." ECF No. 82.

The Court deems Defendant's Motion for Sanctions to now be fully submitted, and for the reasons provided herein, I conclude that the Motion should be granted, and I respectfully recommend that Your Honor dismiss this case.


## DISCUSSION

Defendant moves for sanctions pursuant to Rule 37, seeking an Order dismissing Plaintiff's Complaint in its entirety, or in the alternative, an Order imposing monetary sanctions on Plaintiff for fees and costs incurred by Defendant for the court-ordered deposition on April 1, 2016. ECF Nos. 73 & 74. Plaintiff opposes this motion. ECF No. 78.

## I.   Sanctions under Rule 37

A Court may order sanctions under Rule 37(b)(2)(A) "[i]f a party . . . fails to obey an

order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A).  Possible sanctions may

include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Furthermore, "[i]nstead of or in addition to the orders above,

the court must order the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

37(b)(2)(C).

"Numerous factors are relevant to a district court's exercise of its broad discretion to

order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the

reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period

of noncompliance, and (4) whether the non-compliant party had been warned of the

consequences of his [or her] non-compliance." Nieves v. City of New York, 208 F.R.D. 531,

535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d

Cir. 1995)).

In addition, "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106-07 (2d Cir. 2002) (citation omitted). "To impose sanctions under . . . the inherent power of the court, the trial court must find that the offending party or attorney 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " Auscape Int'l v. Nat'l Geographic Soc'y, 2003 WL 134989, at *5 (S.D.N.Y. Jan. 17, 2003) (quoting Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000)), stay denied, 2003 WL 22508509 (S.D.N.Y. Nov. 5, 2003).[5] "Its behavior must lack any colorable basis." Id. (citing Revson, 221 F.3d at 78-79).

"Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction . . ." Residential Funding Corp., 306 F.3d at 107.

## II.    Application of Law

Defendant seeks sanctions due to Plaintiff's failure to attend the court-ordered deposition on April 1, 2016, and Plaintiff's failure to serve interrogatories by April 8, 2016, as directed by the Court at the status conference on February 26, 2016. ECF Nos. 73 & 74. The Court will consider these failures in light of the history of this litigation.

### A.    The Appropriateness of Imposing Sanctions

#### 1.    *Willfulness of the Non-Compliance*

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau Int'l, Inc., 165 F.R.D. 398,

---

[5] In the spirit of Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), copies of all unpublished decisions cited herein have been provided to Plaintiff by the Court.

402-03 (S.D.N.Y. 1996) (citations omitted), aff'd, 111 F.3d 2 (2d Cir. 1997). From the start of

the instant case, the Court has gone to great lengths to explain in detail to Plaintiff her

obligations in the context of this litigation.[6] Plaintiff's most recent failures to comply with these

obligations—i.e. her failure to appear for her court-ordered deposition, or to provide a sufficient

explanation for this failure, and her failure to submit interrogatories—are simply the latest

examples of Plaintiff's blatant disregard for the Court's orders in this case. Although Plaintiff

claims that she is "prepared to attend" a deposition and "willing to submit discovery documents,"

ECF No. 78, these assertions are undercut by her pattern of misconduct throughout the history of

this litigation. I therefore find that Plaintiff's non-compliance has been willful.

### 2.    *The Efficacy of Lesser Sanctions*

Defendant seeks dismissal of this action as a sanction for Plaintiff's continued non-

compliance. Plaintiff has already been precluded from offering any documentary proof in

support of her claims, except as identified in the Feb. 23 Order, and from offering any evidence

or argument in support of monetary damages. Following the Feb. 23 Order, the only outstanding

discovery available to Plaintiff was her own testimony to be offered at a deposition and the

responses to the interrogatories she was permitted to submit to the three identified defense

witnesses. Plaintiff failed to comply with the Court's orders regarding both, and has again

brought this litigation to a standstill; the preclusion order from February 23, 2016, was not

effective in deterring Plaintiff's non-compliant behavior. If this Court were to issue another

Order precluding Plaintiff from introducing any evidence that could have been gathered through

these final methods of discovery, any such Order would have the same effect as outright

---

[6] For a more detailed explanation of this history, see the Feb. 23 Order, at 4-5, 8-11, ECF
No. 63.

dismissal, as Plaintiff would have no evidence to offer in support of her claims.  I therefore find that no sanction short of dismissal would be an effective sanction in this case.

### 3.      *The Duration of the Period of Non-Compliance*

Plaintiff has failed to comply with nearly every deadline set and Order issued by the Court since the commencement of this litigation.  See Feb. 23 Order, at 4-23.  Although this case was filed more than two years ago, Plaintiff's ongoing willful disregard of the Court's discovery orders has stymied the advancement of this case.  Plaintiff first failed to comply with the discovery schedule in 2014, when she failed to timely respond to the Defendant's request for production of documents and interrogatories.  Id., at 4-5.  Her non-compliance has continued throughout the span of this case.

### 4.      *Warning of the Consequences of Non-Compliance*

On several occasions throughout the course of this litigation, the Court has explicitly warned Plaintiff that failure to comply with discovery orders may result in the dismissal of her case.  See, e.g., Recording of February 20, 2015, conference ("I have to warn you, Ms. Kloiber, delay can be a basis for a motion to dismiss on the part of the Defendants.  They can move to dismiss for failure to prosecute. . . . if I give you a date by which something has to be done, it's not pretend, it's not aspiration, it's a court order by which it has to be done, and if you fail to do it within that time period, the defense is going to ask to dismiss the case, or to preclude you from offering any other evidence."); April 10, 2015, conference (see Feb. 23 Order, at 10, for discussion).

### B.      The Appropriate Sanction

"The sanction of dismissal is appropriate when a party's failure to comply with a discovery order is due to 'willfulness, bad faith or any fault.' " Quiles v. Beth Israel Med. Ctr.,

168 F.R.D. 15, 18 (S.D.N.Y. 1996) (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)).  "Although the Second Circuit has admonished the district courts to extend a special solicitude to *pro se* litigants, it is a necessary corollary that district court discovery orders <u>must be obeyed</u>, and willful intransigence will result in the dismissal of a *pro se* plaintiff's action with prejudice."  Carvalho v. Reid, 193 F.R.D. 149, 151 (S.D.N.Y. 2000) (internal quotations and citations omitted) (emphasis in original).  See also Valentine v. Museum of Modern Art, 29 F.3d 47 (2d Cir. 1994) (affirming the district court's decision to dismiss a *pro se* plaintiff's complaint as a sanction for failure to comply with a discovery order).  "The criteria of willfulness and bad faith imply a deliberate disregard of the lawful orders of the court." Quiles, 168 F.R.D. at 18 (internal citations and quotations omitted).

In the instant matter, Plaintiff has consistently demonstrated a willful disregard of court orders despite multiple warnings that failure to comply could result in dismissal of her case. This Court has been extraordinarily solicitous toward this *pro se* Plaintiff, and Plaintiff has been given repeated opportunities to cure her failures in producing discovery.  This Court has frequently instructed Plaintiff on both the discovery process and the risks she faced by failing to participate in the process in a timely fashion.  Although there is a strong preference for resolving cases on their merits, <u>see</u> Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986), all efforts by this Court to permit Plaintiff to do so have been completely stymied by Plaintiff's own lack of compliance.  Based on the history of this case, I find, and respectfully recommend that Your Honor find, that the only appropriate sanction at this time is dismissal.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Sanctions is granted, and I respectfully recommend that Your Honor dismiss this case. The Clerk of the Court shall terminate the motion at ECF No. 73.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Vincent Briccetti, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.


Dated: June 10, 2016
      White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of this Report and Recommendation has been mailed to *Pro Se* Plaintiff at:
14 Richmond Blvd., Centereach, NY 11720.