UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STACEY KLOIBER,          :
      Plaintiff,          :
                :  **ORDER ADOPTING REPORT**
v.          :  **AND RECOMMENDATION**
                :
NORTHERN WESTCHESTER HOSPITAL  :  14 CV 1425 (VB)
CENTER,          :
      Defendant.          :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is Magistrate Judge Lisa M. Smith's Report and Recommendation ("R&R"), dated June 10, 2016 (Doc. #84), recommending that the Court grant defendant's motion to dismiss this action as a sanction for "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). (Doc. #73). Specifically, plaintiff disregarded Judge Smith's orders to appear for a deposition on April 1, 2016, and to serve interrogatories for three witnesses by April 8, 2016.

    The Court presumes familiarity with the factual and procedural background of this case. For the following reasons, the Court adopts the R&R as the opinion of the Court.

## DISCUSSION

I.    Legal Standard

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

1

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a <u>de novo</u> review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  <u>Lewis v. Zon</u>, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

II.     <u>Plaintiff's Objections</u>

Plaintiff, who is proceeding <u>pro se</u>, timely filed objections to Judge Smith's R&R.  (Doc. #87).

Liberally construed, plaintiff's objections fall into three categories: (i) plaintiff's <u>pro se</u> status entitles her to special consideration weighing against the sanction of dismissal; (ii) plaintiff attempted in good faith to comply with Court orders in general throughout this case, but was prevented from doing so by events beyond her control; and (iii) plaintiff should be excused from failing to attend the April 1, 2016, deposition because the letters she had sent to Judge Smith explaining her inability to attend complied with the directives Judge Smith's staff gave her over the phone on March 31, 2016.

Plaintiff's objections are without merit.

First, Judge Smith gave due consideration to plaintiff's <u>pro se</u> status in deciding the appropriate sanction.  (R&R at 9 ("Although the Second Circuit has admonished the district courts to extend a special solicitude to <u>pro se</u> litigants, it is a necessary corollary that district court discovery orders <u>must be obeyed</u>, and willful intransigence will result in the dismissal of a <u>pro se</u> plaintiff's action with prejudice.") (citing <u>Carvalho v. Reid</u>, 193 F.R.D. 149, 151 (S.D.N.Y. 2000))).  Judge Smith applied the correct standard in finding dismissal is appropriate

on the grounds that "[p]laintiff has consistently demonstrated a willful disregard of court orders despite multiple warnings that failure to comply could result in dismissal of her case," and "all efforts by this Court to permit [p]laintiff to [resolve this case on the merits] have been completely stymied by [p]laintiff's own lack of compliance." (R&R at 9). Indeed, based on this Court's review of the record and familiarity with this case, the Court agrees completely with Judge Smith's assessment of plaintiff's conduct.

Second, plaintiff's argument that she has attempted in good faith to comply with all Court orders is belied by the record.[1] As set forth more fully in Judge Smith's order dated February 23, 2016 (Doc. #63), plaintiff has consistently and willfully disregarded the Court's orders and failed to cooperate with defense counsel in discovery. Thus, Judge Smith was correct to consider plaintiff's "pattern of misconduct throughout the history of this litigation" (R&R at 7) as evidence that (i) plaintiff's failure to attend the April 1 deposition and serve the interrogatories was willful; (ii) lesser sanctions would not be effective, as they had not been effective in the past; and (iii) the duration of non-compliance with Court orders has been long. (Id. at 6-8).

Third, the Court rejects plaintiff's argument that she complied with Judge Smith's March 31, 2016, order to "submit to the Court a note from a medical professional confirming that she would be unable to be deposed and the reason for this inability." (R&R at 3).

To the extent plaintiff argues that the member of Judge Smith's staff who spoke to

---

[1] Much of plaintiff's argument to this effect focuses on the reasons for her failure to comply with defendant's discovery demands, not her failure to appear for the April 1 deposition and to serve interrogatories. (Doc. #87 at 3). The dispute about defendant's other discovery demands was already litigated in a different, non-dispositive sanctions motion, which Judge Smith decided on February 23, 2016. (Doc. #63). Plaintiff did not file objections to that decision to this Court. Therefore, the Court does not disturb Judge Smith's findings or the sanctions imposed in the February 23 order. Rather, the previous dispute is only relevant insofar as it informs the sanctions recommended in the R&R.

plaintiff told her anything different than what the R&R indicates was said, this argument is rejected. (See Doc. #87 at 2 ("[T]he staff member from chambers explained that a note from a doctor would suffice and to have it submitted via fax into chambers, if at all possible. A change to the date for the deposition with a note from the doctor, once received would be possible.")). The Court fully credits Judge Smith's account, including her requirement that the note from a medical professional must explain the specific reason plaintiff could not be deposed on April 1, 2016.

Moreover, the Court agrees with Judge Smith that neither the letter from Dr. Flores on April 1 nor the April 2 letter from Sophia Anastasio (Doc. #71) explained sufficiently the reason for plaintiff's absence from the deposition. Neither letter addressed the nature of plaintiff's condition, why it was serious enough to excuse plaintiff's attendance, or whether plaintiff was admitted to the hospital.[2] Therefore, Judge Smith correctly determined plaintiff had, without excuse, failed to comply with the order to attend the deposition.

As to all aspects of the R&R to which plaintiff did not specifically object, the Court has reviewed Judge Smith's thorough and well-reasoned R&R and finds no error, clear or otherwise.

---

[2] Plaintiff's argument that the Flores and Anastasio letters "provided as much information as required and possible while maintaining their Patient Privacy and Rights/HIPAA Protocols" (Doc. #87) overlooks plaintiff's ability to waive those rights.

**CONCLUSION**

Accordingly, the R&R is adopted in its entirety as the opinion of the Court. Defendant's motion to dismiss is GRANTED.

The Clerk is directed to close this case.

Dated: August 31, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge